UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M.,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. 3:20-cv-05681-BAT<br><br>**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding him not disabled. The ALJ found Plaintiff's bilateral Dupuytren's contracture, bilateral carpal tunnel syndrome, epilepsy, generalized anxiety disorder, and mild neurocognitive disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because he can perform other jobs in the national economy. Tr. 17-32. Plaintiff contends the ALJ misevaluated the opinions of Chad Bender, M.D., Keith R. Birchard, M.D, and Kimberly Wheeler, Ph.D., erred at step three, failed to give valid reasons to discount Plaintiff's testimony, and made erroneous step five findings. Dkt. 19. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     Medical Opinions**

Plaintiff argues the ALJ misevaluated three medical opinions regarding his physical and mental impairments. A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

*1.     Chad Bender, M.D.*

Dr. Bender examined Plaintiff and prepared a physical medical source statement on March 15, 2019. Tr. 27, 1142-45. The ALJ rejected Dr. Bender's opinion "that the claimant can occasionally work with outstretched hands, grasp, handle, pinch, and type" and that "the claimant is likely to miss work or leave early at least two to three days per month due to flare-ups of symptoms." *Id*. at 28. The ALJ gave "[s]ome weight" to Dr. Bender's opinion, finding that "his opined limitation regarding the claimant's use of his hands is inconsistent with Dr. Levine's opinion and is not supported by the claimant's medical evidence of record, particularly clinical findings in the claimant's treatment records." *Id*. The ALJ also found "Dr. Bender's assessment that the claimant would likely miss multiple days of work each month is unsupported by, and is inconsistent with, the claimant's evidence of record, and inconsistent with Dr. Levine's opinion as well." *Id*.

These are not valid bases to discount Dr. Bender's opinion. It is insufficient for an ALJ to reject the opinion of a physician by stating, without more, there is a lack of objective medical findings in the record to support that opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th

Cir.1988). Also, an ALJ's rejection of a physician's opinion on the ground that it is contrary to clinical findings in the record is "broad and vague" and fails "to specify why the ALJ felt the treating physician's opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). Further, the ALJ may not discount Dr. Bender's opinion solely based upon the opinion of Dr. Levine – a reviewing doctor. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.") (citation omitted). The ALJ accordingly erred in discounting Dr. Bender's opinion.

### 2. Keith R. Birchard, M.D.

Dr. Birchard, an orthopedist, examined Plaintiff multiple times between 2017 and 2019. *See, e.g.*, Tr. 1064, 1075, 1110, 1122, 1131. Dr. Birchard had knowledge of Plaintiff's physical conditions and noted problems before and after Plaintiff's 2018 surgery. Nevertheless, the ALJ failed to make findings regarding Dr. Birchard's opinions and records which indicate Plaintiff's carpal tunnel syndrome and Dupuyten's syndrome continued to limit Plaintiff even after his surgery. *See* Tr. 1131 (Plaintiff is five months post-surgery but has "significant reoccurrence at the PIP joint" "as well as continued symptoms of carpal tunnel syndrome."). An ALJ must explain why "significant, probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), and is required to give detailed, reasoned, and legitimate reasons for disregarding findings by a treating physician. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988). Here, the ALJ failed to do so and accordingly erred.

### 3.     *Kimberly Wheeler, Ph.D.*

Dr. Wheeler examined Plaintiff on July 3, 2018. Tr. 29, 1102-06. The ALJ found Dr. Wheeler "examined the claimant and reviewed records pertaining to his conditions." *Id*. at 29. The ALJ found, among other things, Dr. Wheeler "opined that the claimant's impairments and symptoms have a moderate effect on his ability to understand, remember, and persist in tasks by following detailed instructions, perform routine tasks without special supervision, adapt to changes in a routine work setting, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, set realistic goals, and plan independently" and a "marked effect on [his] ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, and complete a normal workday and workweek without interruptions from psychologically-based symptoms." *Id*. at 29-30. The ALJ discounted Dr. Wheeler's opinion on the grounds "she performed only one exam, there is insufficient indication of which, if any, records Dr. Wheeler reviewed prior to forming her opinion," and more weight should be given to the opinions of the reviewing doctors. *Id*. at 30.

The ALJ erred. An ALJ may not reject evidence based on an inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998). Here, the ALJ rejected Dr. Wheeler's opinion on the grounds "there is insufficient indication which, *if any*, records Dr. Wheeler reviewed," Tr. 30 (emphasis added). The ALJ's rationale is erroneous for two reasons. First, the ALJ does not explain why the failure to review records undercuts Dr. Wheeler's opinion. The ALJ fails to show, for example, that there are medical records that contradict the doctor's opinion, thus making the failure to review relevant. Moreover, the ALJ found "Dr.

Wheeler reviewed records pertaining to [Plaintiff's] conditions." *Id.* at 29. Hence the ALJ's finding the doctor did not review records is not supported by substantial evidence.

Next an ALJ may not reject an examining doctor's opinion simply because the doctor examined the claimant once. To properly determine plaintiff's RFC, the ALJ was required to consider all relevant medical opinions. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). An examining doctor's opinion expressing functional limitation is relevant and thus must be considered. Most examining doctors perform one examination, and the ALJ's rational would preclude consideration of not just Dr. Wheeler's examining opinion but virtually all examining opinions, including examination opinions the Social Security Administration itself orders. The Court rejects the rationale as inconsistent with the law and unreasonable.

Lastly, the decision implies the ALJ rejected Dr. Wheeler's opinion as contradicted by the opinions of reviewing doctors Flanagan and Robinson. However, as noted above, the opinion of a reviewing doctor is not a valid ground to reject the opinion of a examining doctor.

Because the ALJ misevaluated the opinions of Drs. Bender, Levine, and Wheeler, the ALJ misassessed Plaintiff's physical and mental limitations. Remand is necessary so the ALJ may reconduct a step three and RFC analyses, as necessary.

**B.     Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

1    The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 22 – 24. However, because the medical evidence must be reassessed, as described above, so too must Plaintiff's testimony. The ALJ next discounted Plaintiff's testimony as inconsistent with his daily activities. *Id.* at 24 – 26. Substantial evidence does not support this ground. The ALJ cites minimal activities, such as "zip[ping] a zipper," "count[ing] change," doing chores, "use of regular eating utensils," and going for walks. *id.* at 24, that do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Additionally, these activities are not transferrable to a work setting and do not contradict Plaintiff's testimony. Plaintiff did not, for instance, claim he could not do household chores, dress himself or drive a car. Rather he claimed he had limits regarding lifting, grabbing, reaching, concentration, memory, understanding instructions and competing tasks. The ALJ found Plaintiff testified he could drive a car for up to 70 miles. However, Plaintiff testified at the May 2019 hearing before the ALJ that since October 2018 he had driven a total of three times. Tr. 61. Plaintiff's ability to do household chores and drive a car are not inconsistent with this claims. The ALJ's finding is thus not supported by substantial evidence. The ALJ accordingly erred by discounting Plaintiff's testimony.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the medical opinions discussed above and Plaintiff's testimony; develop the record, redetermine step three and the RFC as needed; and continue to the remaining steps as appropriate.

DATED this 12th day of February 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge